## PEARL RIVER COUNTY *v.* WHEAT.

(Division A. Nov. 19, 1923.)

[97 So. 807. No. 23656.]

ANIMALS. *Claim for stock killed by dipping must be beyond reasonable doubt.*

Under section 2, chapter 38, Laws of 1917, compensation for stock killed as a result of dipping cannot be recovered against the county unless the proof establishes the claim conclusively or beyond a reasonable doubt. *Held,* the evidence insufficient to sustain verdict of jury.

APPEAL from circuit court of Pearl River county.

HON. J. Q. LANGSTON, Judge.

Action by B. F. Wheat against Pearl River county. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

*Parker & Shivers,* for appellant.

We respectfully submit to the court that there is no testimony in this record on which a verdict of the jury in favor of appellee could have been legally rendered. There is absolutely no testimony even tending to show that the ox died from being dipped.

This ox was found three or four days after being dipped, at least two and one-half miles from the place where it was dipped, and in a neighborhood where other cattle had been dying, and where other cattle had been sick in the same way as this ox was sick, and no testimony was introduced to show what was the matter with the ox.

We deem it unnecessary to argue this question further than to call the court's attention to the case of: *Covington County* v. *Fite,* 120 Miss. 421, 82 So. 308.

*Gex, Waller & Morse,* for appellee.

We respectfully submit to the court that there was ample testimony in the case for the jury to find for the appellee, and the court can see by an examination of the record that it was simply a question of fact; so the court did not err in refusing to grant a peremptory instruction for the appellant.

Appellant complains of the instruction given for the appellee and shows that the court has condemned the instruction in the case of *Covington County* v. *Fite,* 120 Miss. 421, 82 So. 308.

Of course the instruction granted for appellee in the court below according to this authority was an error, but the appellant secured an instruction, stating the law of the case to the jury as shown on page 18 of the record, which is in the language of the Fite case and is as follows: "The court instructs the jury that unless they believe from a preponderance of the evidence in said cause that said ox in question died as a result of being dipped and from no other cause they should find for the defendant."

HOLDEN, J., delivered the opinion of the court.

This is an appeal from a judgment for seventy-five dollars against Pearl River county, claimed as damages for an ox alleged to have been killed or died as a result of dipping; the right of action in such cases being given by chapter 38, Laws of 1917.

Reversal of the judgment is urged upon two grounds: First, the evidence introduced by the plaintiff below was insufficient to establish the fact that the ox died as a result of the dipping; and, second, the instruction granted the plaintiff failed to tell the jury that the proof required under the statute must be conclusive or beyond a reasonable doubt. We shall only pass upon the first point presented, which will end the case.

We have carefully considered the testimony in the record offered by the plaintiff below to support his claim that the ox died from the effects of the dipping, and, without detailing the evidence, we think the proof was insufficient to sustain the verdict of the jury, in view of the requirement of the statute (section 2, chapter 38, Laws of 1917), giving the right to sue, which provides that the proof of injury and loss through dipping must be conclusive.

As said in *Covington County* v. *Fite,* 120 Miss. 421, 82 So. 308, the proof must establish the claim "beyond a reasonable doubt," "to a moral certainty," before recovery can be had in such cases. The proof in the case before us does not reach the degree of evidence required. There is no substantial proof, either direct or circumstantial, that the ox died from poison received in the process of dipping, nor that his death, seven days after the dipping, had any proximate connection with the dipping. The loss is regrettable, but cannot be charged against the county under the law.

*Reversed, and judgment here.*